UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW MENCIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-852 PLC |
| | ) |
| CITY OF TROY POLICE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Andrew Mencin[1] initiated this civil action against the City of Troy Police, Mayor, and individuals of the Board of Alderman. Now before the Court is Plaintiff's 'Application to Proceed in District Court Without Prepaying Fees or Costs.' ECF No. 2. Based on the financial information provided in the motion, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding without prepayment of fees, the Court must review his pleadings under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Because the case is being dismissed, Plaintiff's motion for appointment of counsel will be denied as moot.

---

[1] The complaint states the name of Plaintiff as: "andrew mencin / we the people of troy." ECF No. 1 at 2. To the extent Plaintiff is attempting to bring the complaint on behalf of himself and other residents of Troy, Missouri, this is not allowed. Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel."). As such, the Court's review of the pleadings will be with Andrew Mencin as the sole plaintiff.

**Plaintiff's Complaint and Supplements**

Plaintiff resides in Troy, Missouri in Lincoln County. ECF No. 1 at 2. Although not entirely clear from the complaint, it appears that Plaintiff brings this suit against the City of Troy Police, the City's Mayor (Ron Sconce), and members of the City of Troy Board of Alderman (Harold Horner, Gary Leifert, David Norman, Steven Jones, Rachel Dunard, and Kay Diekemper). *Id.* at 1-2; *see also* ECF No. 1-2 at 2-8. Plaintiff seeks relief under "18 U.S. Code § 912," "25 CFR § 11.432," "18 U.S. Code § 242," and "§ 3-307" for pretending to be an "Officer or employee of the United States," "[i]mpersonating a public servant," "[d]eprivation of rights under color of law," and breach of fiduciary duty. *Id.* at 3. Plaintiff also mention his "right to take action" under "18 United States Code § 1983." *Id.* at 7.

According to his 'Statement of Claim,' this suit is based on Plaintiff's "belief that the City, its agents, and the County Sheriff Office and its employees have engaged in various illegal activities, including but not limited to embezzlement, human trafficking, and racketeering." *Id.* at 5. In addition, Plaintiff alleges that defendants violated the "Oath of Office, … the Foreign Agent Registration Act, conspiracy to deprive another of federally protected rights and activities, aggravated illegal search and seizure, [and] aiding and abetting." *Id.* at 5 & 7.

In terms of injuries, Plaintiff states that the defendant's actions "have caused significant harm to [him] and others," but he does not state what harm was caused. *Id.* at 5. For relief, Plaintiff wants the "bad actors … removed from Office," an "immediate audit and recall Election," and "taxes paid back to the people or infrastructure." *Id.* It is unclear whether Plaintiff also seeks money damages; he refers the Court to a "Notice of Intent – Fee Schedule" which he attached to the complaint and recorded in Lincoln County, Missouri. *Id.* at 6; ECF No. 1-1.

Plaintiff attached many exhibits to his complaint and filed a supplement at case initiation.[2] *See* ECF Nos. 1-1 to 1-5 & 5. Most of these documents appear to relate to Plaintiff's status as a "sovereign citizen"[3] and "American State National," including documents declaring his political status and attempting to revoke his duty to pay taxes and voter registration. ECF Nos. 1-3 & 5. He also attached proof of a Public Records Request with the City of Troy Custodian of Records and what appears to be a printout of regulations related to City of Troy Officers. ECF No. 1-2 at 1, 9, & 10.

The only evidence supporting Plaintiff's allegations appears to be a January 2024 Missouri Ethics Commission Order finding that Troy's Mayor Ron Sconce failed to timely report in-kind contributions to his mayoral campaign, and that he acted improperly when he voted to break a tie among the alderman on an issue in which he had a recognizable stake. ECF No. 1-4. In addition, Alderman defendant Gary Leifert was found, in December 2023, to have improperly reported two expenditures on the wrong election report. ECF No. 1-5. These violations were settled with Consent Orders requiring the payment of fees. ECF Nos. 1-4 at 6 & 9; 1-5 at 5-6 & 8-9.

A few months after case initiation, Plaintiff filed another supplement which contains ninety-one pages of documents that pertain to Plaintiff's July 2024 arrest by Troy police, his subsequent fit-for-confinement medical exam, and pending state court criminal charges. ECF Nos. 7 to 7-7. According to the documents and an independent review of Plaintiff's criminal case on

---

[2] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3] "Sovereign citizens are a loosely-affiliated group who believe government in the United States operates illegitimately and outside the bounds of its jurisdiction." *United States v. Willis*, 101 F.4th 577, 579 n.1 (8th Cir. 2024) (quoting *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019)).

Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was charged with property damage of a police vehicle, resisting arrest, and fourth degree assault in July 2024. *See State v. Mencin*, No. 24L6-CR00720 (45th Jud. Cir. filed July 12, 2024). These charges are based on a traffic stop and arrest which occurred on July 11, 2024. ECF No. 7 at 7-9. According to the arrest report, a Troy police officer recorded Plaintiff driving a vehicle 12 mph over the posted speed limit with his radar gun. When the officer pulled behind Plaintiff's vehicle and activated his emergency lights, Plaintiff continued driving and made multiple turns before stopping. The officer noticed that Plaintiff's vehicle had a "homemade Missouri plate" which are "associated with the 'sovereign citizen movement.'" *Id.* at 8. After exiting the vehicle, Plaintiff resisted arrest by force, requiring the use of a taser. Once placed in the back of the police car, Plaintiff damaged the vehicle's ceiling, floorboard, and electrical components resulting in the vehicle's lightbar not functioning. *Id.* at 9.

From what the Court can decipher from some handwritten notes on one of the filings, it appears that Plaintiff contests the details of his stop and arrest, arguing that he did not resist and that the police lied in their report. ECF No. 7-1 at 1. It appears that Plaintiff's wife was also arrested at this July traffic stop but the criminal charges against her were dismissed. ECF Nos. 7 at 4-5, 7-9, 12, & 14-15; 7-4 at 1-2 & 4-6; 7-5 at 1. As of the date of this Order, the criminal charges against Plaintiff are still pending, and the case is set for a state court review on October 16, 2024.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Discussion**

The Court has carefully reviewed and liberally construed Plaintiff's filings and concludes that none of the allegations state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple,

concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the complaint does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure.

For example, Plaintiff does not even mention the defendants by name in his facts and legal claims alleged. Plaintiff names eight defendants in the complaint caption but he does allege, with any specificity, what they did to violate his rights. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Plaintiff must provide the role of each named defendant in a case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff's complaint fails to make specific allegations against any named defendant and therefore, does not comply with the Federal Rules.

Furthermore, it is not enough for Plaintiff to make general accusations of "conspiracy …, aggravated illegal search and seizure, aiding and abetting, embezzlement, human trafficking, and

racketeering," unless he provides factual support for each of these claims against each named defendant. ECF No. 1 at 5. Because Plaintiff does not specify what each defendant did to harm him, the Court cannot decipher any plausible claims from the pleadings.

The only exhibits that provide any facts pertaining to actions taken by named defendants are the Missouri Ethics Commissions' Orders concerning Mayor Sconce and Alderman Leifert. *See* ECF Nos. 1-4 & 1-5. However, even these Orders regarding improper reporting of campaign expenditures and improper conduct by a public official, do not explain how Plaintiff himself was harmed by the actions of Sconce and Leifert. In addition, these Orders do not support any legal claims of conspiracy, illegal search and seizure, aiding and abetting, embezzlement, human trafficking, or racketeering.

A liberal construction of the supplement Plaintiff filed on September 26th—concerning the traffic stop and arrest which lead to Plaintiff's pending criminal charges—could possibly provide a factual basis for a claim of illegal search and seizure. However, the only named defendant that could be construed as participating in those events is the City of Troy Police since Plaintiff was arrested by Troy police officers. To the extent Plaintiff intends this as a claim brought under 42 U.S.C. § 1983,[4] this claim fails as to the City of Troy Police because local government departments (like the Troy police department) are not suable entities under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). In addition, the complaint fails to state an actionable claim under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), as would be necessary to substitute the

---

[4] Plaintiff cites to "18 United States Code § 1983" in his complaint, ECF No. 1 at 7, but a search of the United States Code reveals no such section. Instead, the Court believes that Plaintiff is referring to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).

municipality as a defendant.

Moreover, to the extent Plaintiff intends to bring § 1983 claims against Mayor Sconce or the Alderman defendants, these claims also fail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). As discussed above, Plaintiff provides no factual support for the assertion that any named defendant is directly responsible for a deprivation of his rights. As such, Plaintiff's complaint fails to state a valid § 1983 claim against any of the eight defendants.

Besides § 1983, Plaintiff also states that he seeks relief under a federal statute prohibiting the impersonation of "an officer or employee acting under the authority of the United States or any department, agency or officer thereof." 18 U.S.C. § 912. This claim fails because Plaintiff does not assert that any named defendant impersonated a United States officer or employee.

Finally, Plaintiff asserts a deprivation of his rights under color of law. 18 U.S.C. § 242. Again, as discussed above, Plaintiff does not provide factual support for the allegation that any named defendant deprived him of his "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." *Id.* The only possible claim that the Court can construe here is that Plaintiff believes that his constitutional right to avoid unreasonable search and seizure was violated when he was arrested in July 2024 by Troy police.

Under the Fourth Amendment, a traffic stop constitutes a seizure. *U.S. v. $45,000.00 in*

*U.S. Currency*, 749 F.3d 709, 715 (8th Cir. 2014).  A traffic stop is reasonable under the Fourth Amendment "if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred." *U.S. v. Green*, 946 F.3d 433, 438 (8th Cir. 2019) (internal citation omitted).  Thus, in general, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  *Whren v. U.S.*, 517 U.S. 806, 810 (1996); *see also U.S. v. Peralez*, 526 F.3d 1115, 1119 (8th Cir. 2008) (explaining that a law enforcement officer "who observes a violation of the law has probable cause to initiate a traffic stop, and such a stop comports with the Fourth Amendment").  To that end, any traffic violation, no matter how minor, provides probable cause for a traffic stop.  *U.S. v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994); *see also U.S. v. Harris*, 617 F.3d 977, 979 (8th Cir. 2010) ("Even a minor traffic violation provides probable cause for a traffic stop.").

In this case, the police report on Plaintiff's arrest states that Plaintiff was exceeding the speed limit, according to a radar gun used by police, at the time of the traffic stop.  Plaintiff does not contest this fact.  Because any traffic violation—including speeding—provides probably cause for a traffic stop, Plaintiff's Fourth Amendment claim fails.

Furthermore, to the extent Plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented.  *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).  The doctrine applies to claims for both injunctive and declaratory relief.  *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).  Ongoing state criminal proceedings implicate the important state interest of enforcing state

criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010). As such, to the extent Plaintiff brought this case in federal court to try to prevent or stop the state criminal charges from proceeding against him, his claims are barred.

Finally, it is unclear what relevance Plaintiff's status as a "sovereign citizen" has to his claims brought in this case, but he certainly included many documents in the pleadings relating to this status. The Court notes that claims of this "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

## Conclusion

Although a *pro se* complaint must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys; nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914. Based on a careful review and liberal construction of the pleadings, the Court will dismiss this case for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants City of Troy Police, Ron Sconce, Harold Horner, Gary Leifert, David Norman, Steven Jones, Rachel Dunard, and Kay Diekemper are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 2nd day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE